Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com
KB Law, LLC
4011 NE Hancock Street
Portland, Oregon 97212
P: (503) 206-8122

Joseph N. Casas (Lead Counsel)
        *(pro hac vice application to be filed)*
Email: joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: (855) 267-4457

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| ALANA MARIE SOUZA a/k/a ALANA CAMPOS, BROOKE MARRIN a/k/a BROOKE BANX, CORA SKINNER, DENISE TRLICA a/k/a DENISE MILANI, NAJOME COLON a/k/a GIA MACOOL, HILLARY HEPNER a/k/a HILLARY FISHER VINSON, IRINA VORONINA, JENNIFER WALCOTT ARCHULETA, JESSICA BURCIAGA, INA SCHNITZER a/k/a JORDAN CARVER, KHLOE TERAE, LAURIE YOUNG ROMEO, LINA POSADA, LUCY PINDER, MASHA LUND a/k/a MALU LUND, and MEGAN VOGT a/k/a MEGAN DANIELS | CASE NO.: _____ |
| Plaintiffs, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| BRICK HOUSE, INC. d/b/a THE BRICK HOUSE GENTLEMEN'S CLUB | |
| Defendant. | |

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 1

Plaintiffs Alana Marie Souza a/k/a Alana Campos, Brook Marrin a/k/a Brooke Banx, Cora Skinner, Denise Trlica a/k/a Denise Milani, Najome Colon a/k/a Gia Macool, Hillary Hepner a/k/a Hillary Fisher Vinson, Irina Voronina, Jennifer Walcott Archuleta, Jessica Burciaga, Ina Schnitzer a/k/a Jordan Carver, Khloe Terae, Laurie Young Romeo, Lina Posada, Lucy Pinder, Masha Lund a/k/a Malu Lund, and Megan Vogt a/k/a Megan Daniels (collectively, "Plaintiffs"), file this Complaint against Brick House, Inc. d/b/a The Brickhouse Gentlemen's Club ("Defendant" or "Brick House Gents") and respectfully allege as follows:

## BACKGROUND

1.      Defendant published various photographs containing Plaintiffs' image and likeness on their social media advertising for purposes of promoting their strip club in Springfield, Oregon. In doing so, Defendant mislead consumers and defamed Plaintiffs' character and reputation by making it appear that Plaintiffs were strippers, worked at Defendant's strip club, and/or endorsed the same. This is an action for damages relating to Defendant's false and misleading publications, and invasion of Plaintiffs' right of publicity and privacy.

As detailed below, Defendant's unauthorized use of Plaintiffs' Images, photos and likenesses (collectively, "Images") constitutes violations of: (1) section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (False Advertising); (2)  section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (False Association); (3) Oregon's Unlawful Trade Practices law (O.R.S. § 646.605); (4) Oregon's Common Law Rights of Publicity & Privacy; (5) Defamation of Character; and (6) Negligence.

## JURISDICTION & VENUE

2.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiffs have stated claims under, inter alia, the Lanham Act, 15 U.S.C. §1125(a)(1)(A). This Court also has subject matter jurisdiction because the amount in controversy exceeds seventy-

five thousand dollars ($75,000.00).

3.     This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

4.     Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States, Germany, and England.

5.     According to publicly available records, defendant BRICK HOUSE, INC., operating under the laws of the State of Oregon, operates The Brickhouse Gentlemen's Club, which is located 136 4th St, Springfield, Oregon 97477.

6.     Venue is proper in the United States District Court for the District of Oregon because Defendant's principal place of business is in Springfield, Oregon.

7.     A significant portion of the alleged causes of action arose and accrued in Springfield, Oregon, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Springfield, Oregon.

## PARTIES

### Plaintiffs

8.     Plaintiff Alana Marie Souza a/k/a Alana Campos ("Campos") is a well-known professional model, and a resident of Los Angeles County, California.

9.     Plaintiff Brooke Marrin a/k/a Brooke Banx ("Banx") is a well-known professional model, and a resident of Travis County, Texas.

10.    Plaintiff Cora Skinner ("Skinner") is a well-known professional model, and a resident of Travis County, Texas.

11.    Plaintiff Denise Trlica a/k/a Denise Milani ("Milani") is a well-known professional model, and a resident of Los Angeles County, California.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 3

12.     Plaintiff Najome Colon a/k/a Gia Macool ("Colon") is a well-known professional model, and a resident of Orange County, Florida.

13.     Plaintiff Hillary Hepner a/k/a Hillary Fisher Vinson ("Hepner") is a well-known professional model, and a resident of Charleston County, South Carolina.

14.     Plaintiff Irina Voronina ("Voronina") is a well-known professional model, and a resident of Los Angeles County, California.

15.     Plaintiff Jennifer Walcott Archuleta ("Archuleta") is a well-known professional model, and a resident of Maricopa County, Arizona.

16.     Plaintiff Jessica Burciaga ("Burciaga") is a well-known professional model, and a resident of Fulton County, Georgia.

17.     Plaintiff Ina Schnitzer a/k/a Jordan Carver ("Carver") is a well-known professional model, and a resident of Germany.

18.     Plaintiff Khloe Terae ("Terae") is a well-known professional model, and a resident of Los Angeles County, California.

19.     Plaintiff Laurie Young Romeo ("Young") is a well-known professional model, and a resident of Orange County, California.

20.     Plaintiff Lina Posada ("Posada") is a well-known professional model, and a resident of San Bernardino County, California.

21.     Plaintiff Lucy Pinder ("Pinder") is a well-known professional model, and a resident of Winchester, England.

22.     Plaintiff Masha Lund a/k/a Malu Lund ("Lund") is a well-known professional model, and a resident of New York County, New York.

23.     Plaintiff Megan Vogt a/k/a Megan Daniels ("Daniels") is a well-known professional

model, and a resident of Orange County, California.

*Defendant*

24.    Defendant Brick House, Inc., is a domestic corporation formed under the laws of the state of Oregon and registered to conduct business in Oregon. At all times relevant to this action, Brick House, Inc., operated The Brickhouse Gentlemen's Club in Springfield, Oregon.

25.    Service of process may be perfected upon Brick House, Inc., by serving the registered agent for service of process, Business Law Centre, PC., who can also be served in his or her capacity as an individual Defendant at 1259 Willamette Street, Eugene, Oregon 97401.

26.    Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of Defendant now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of the Defendant.

27.    Plaintiffs are informed and believe and, on such information and belief, allege that each of Defendant's employees and/or contractors are now and at all times mentioned herein were the agent, servant of Defendant.  Thus, in doing the acts alleged herein, Defendant's employees were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of each of the Defendant and as such that Defendant has authorized and/or ratified the wrongful activities of each of its employees and/or contractors.

## FACTUAL ALLEGATIONS

28.    Each Plaintiff is a well-known professional model who earns their livelihood modeling and licensing their Images to companies, magazines and individuals for the purpose of advertising products and services.

29.    Plaintiffs' careers in the modeling industry place a high degree of value on their

good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

30.    In late 2021, early 2022, Plaintiffs, by and through their attorneys and at Plaintiffs' direction, began to conduct research in the Oregon area to determine whether establishments such as Defendant's were using their Images without their authorization or consent.   In October 2021, Plaintiffs discovered and identified their Images in Defendant's social media accounts to promote and advertise their adult-oriented establishment.   The Images which are the subject of this lawsuit are attached to this complaint as Exhibits A-P.

31.    Each of the Plaintiffs' Images was misappropriated, and/or altered, by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

32.    In the case of each Plaintiff, this apparent claim was false.

33.    Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

34.    No Plaintiff has ever received any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images have caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

35.    Further, in certain cases Defendant misappropriated Plaintiffs' advertising ideas (and/or the advertising ideas of their licensees) because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand.  By using the Plaintiffs' image and

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 6

likeness, Defendant did not use their own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their establishment to the public.

***Plaintiffs' Individual Backgrounds and Careers***

36.     Plaintiff **Alana Marie Souza a/k/a Alana Campos** is a Brazilian model who started working at the age of 15. Campos was scouted by the director of Ford Models, which remained her agency for five years. While she was nominated in numerous beauty pageants in her country, she decided to move to the United States at age 20 and is currently represented by Wilhelmina Models. Campos has been published in *Playboy*, *Astonish*, *Viva Glam*, and *Bliss* magazines. She has also been in many campaigns such as Arden B, Target, Chynna Dolls, Frederick's of Hollywood, ICollection, Elegant Moments, Drift Eyewear, Sexy Dresses, Sachika, Marisa Kenson, Sports Calendar, and appeared as a spokes model for My Body Journey and as a cover girl for *Arizona Foothills Magazine*. In addition, Campos was featured in the movie "Last Vegas" with Robert DeNiro, Morgan Freeman, and Michael Douglas.

37.     That we know of, Campos is depicted in the photos in **Exhibit A** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Campos was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

38.     Campos has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

39.     Plaintiff **Brooke Marrin a/k/a Brooke Banx** has been featured in countless magazines, calendars, posters, catalogs, and ad campaigns nationwide. She can also be seen in

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

music videos, films and a few reality shows, as well as hosting numerous events around the world. Banx's rise within the ranks of the entertainment industry has landed her many great opportunities with features and pictorials in countless major websites and magazines, including *FHM*, www.savvy.com and a recent front cover of *America Curves Magazine*. Banx has also just finished her biology degree and is attending medical school. She has over 10.9 thousand followers on Twitter, over 15.8 thousand followers on Instagram, and over 627 thousand followers on Facebook. [1]

40.     That we know of, Banx is depicted in the photo in **Exhibit B** to promote Brick House Gents on its Facebook page. This Image was intentionally altered to make it appear that Banx was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

41.     Banx has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

42.     Plaintiff **Cora Skinner** is a model and actress. Her television show appearances include, The Tonight Show with Jay Leno, Rules of Engagement, QVC, Shark, Las Vegas "White Christmas", and CSI Miami.  She has modeled for name brands such as, Sketchers, Nordstrom, Fredricks of Hollywood, Tecate, Skky Vodka, and Muscle & Fitness to name a few.  She has even appeared on music videos such as Def Leppard's "Nine Lives". She has 77.3 thousand Instagram followers.

---

[1] In the modeling world and talent industry (in general), the number of online Instagram "followers", Twitter "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

43.    That we know of, Skinner is depicted in the photos in **Exhibit C** to promote Brick House Gents on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Skinner was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

44.    Skinner has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

45.    Plaintiff **Denise Trlica a/k/a Denise Milani** is the world's most famous pinup model, who is frequently named one of the most searched women on the internet. At one point, her self-titled website was the most popular model website in the world. Milani also became the winner of Miss Bikini World 2007. At age 21, Milani was given an opportunity to model for SPORTSbyBROOKS as a sports model and posed for such publications as PinupFiles.com. In 2009, Milani was selected as the 99th most desired woman in the world by *Askmen Magazine*. In 2011, she was ranked in the 5th position in the championship NPC Excalibur Bikini held in Culver City, California. Similarly, in the year 2013, she was one of ten (10) most desirable women in the world. Milani's social media reach has hit over 710 thousand followers on Instagram, 8 million Facebook followers, and over 185 thousand followers on Twitter.

46.    That we know of, Milani is depicted in the photos in **Exhibit D** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Milani was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

47.    Milani has never been employed at Brick House Gents, has never been hired to

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

48.    Plaintiff **Najome Colon a/k/a Gia Macool** is, and at all times relevant to this action was, a glamour and swimwear model, spokeswomen, and entrepreneur. Colon has modeled for *American Curves Magazine, ProRider*, and was the BikiniTeam.com model of the month for March 2018. She also appeared as *Playboy's* Playmate of the Month in their November 2014 issues. Colon is also an active spokesperson and host, serving as the spokesmodel for the CoolFitTV YouTube channel and is a designer and entrepreneur, selling her swimwear lines, as well as other products, at www.giamacool.com. Colon has 2.7 million followers on Instagram, over 5.4 million followers on Facebook, and over 162,000 thousand followers on Twitter.

49.    That we know of, Colon is depicted in the photos in **Exhibit E** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Colon was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

50.    Colon has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

51.    Plaintiff **Hillary Hepner a/k/a Hillary Fisher Vinson** is a successful model and actress. She has been highlighted in *Playboy Magazine* several times, Ciroc Commercials, and performed a role in a music video for the famous country singer, Rascal Flatts.  Hepner has also modeled for well-known companies such as Coquette Lingerie, American Curves, and Rockstar

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Energy Drink Calendars and Ads, among many other companies.

52.    That we know of, Hepner is depicted in the photo in **Exhibit F** to promote Brick House Gents on its Facebook page. This Image was intentionally altered to make it appear that Hepner was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

53.    Hepner has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

54.    Plaintiff **Irina Voronina** is an international model and actress. After becoming *Playboy's* Miss January 2001, she represented international brands including SKYY Vodka, Miller Lite, Michelob Ultra, Bacardi, and Sisley & Detour to name a few. She has millions of visual impressions around the globe via the covers and pages of worldwide magazines such as *FHM, Maxim, Playboy* (in 20 countries), *Max*, *Ocean, Shape, 944, Knockout, Q*, *People*, *Kandy, Rukus, Vape* and *Browz* magazines. In 2008, Voronina was named St. Pauli Girl spokes model and completed a 12-month PR tour across America. She became the first ever St. Pauli Girl to ring the NYSE closing bell representing Constellation Brands.  In 2013, Voronina was named *Kandy Magazine's* Model of the Year as a result of her fans downloading the highest number of digital issues that year. Voronina got her first big screen break in "Reno 911!: Miami.". Her credits include a series regular role in the fully improvised sitcom "Svetlana" for HD Net, the first ever live action show on Adult Swim Network "Saul of the Mole Men," guest star appearance on Nickelodeon's "iCarly," Comedy Central's "Reno 911!", and feature film parts in "Balls of Fury," &"Piranha 3DD," "Laser Team," and "Killing Hasselhoff." She starred in the indie action flick

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

"Scramble" which she also co-produced. Voronina tours and performs nationally as a stand-up comedian. She loves connecting with her fans and stays active daily across all social media outlets for her followers on Facebook, Instagram, Twitter and YouTube. She has more than 5.9 million social media followers.

55.     That we know of, Voronina is depicted in the photos in **Exhibit G** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Voronina was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

56.     Voronina has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

57.     Plaintiff **Jennifer Walcott Archuleta** is a model, actress, and reality TV star. She became the *Playboy* "Playmate of the Month" in August 2001 and subsequently launched her own website and was chosen by Carmen Electra to model for her celebrity guest photographer photo shoot on www.playboy.com. She also appeared in several music videos, including videos for Justin Timberlake, Stereophonics, and Marc Anthony. During her first pregnancy, Archuleta appeared on the cover of *Holistic Health Magazine* and then posed for the covers of magazines, such as *Moves, American Curves, Muscle & Fitness, Hers, Physical, Iron Man, VP Racing Fuel, Performance Audio and Sound, AtoZ, Planet Muscle, 944, Stun,* and *People* (Australia). In 2005, Archuleta along with Scarlett Keegan and Destiny Davis, were given keys to Las Vegas by the mayor in appreciation for posing for a calendar promoting the city. Later that year, Archuleta appeared in the movie American Pie: Band Camp. In 2008, she also acted in the movie *The Pool*

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

*Boys* and was featured on many television shows such as *The Weakest Link, Street Smarts, Dog Eat Dog, Wild On!, Russian Roulette, Howard Stern, MTV Cribs, Entertainment Tonight, Best Damn Sports Show Period, Ripley's Believe It or Not, The Other Half,* and was featured on *E! True Hollywood Story* and *Mom Time TV*. Currently, Archuleta is the spokesperson for Ciclon rum and Bally's slot machine. She is also now living in Arizona and is raising her three children with her husband and former NFL safety, Adam Archuleta. She enjoys over 47.5 thousand Instagram followers, over 28 thousand Facebook followers, and over 145.7 thousand Twitter followers.

58.     That we know of, Archuleta is depicted in the photos in **Exhibit H** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Archuleta was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

59.     Archuleta has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

60.     Plaintiff **Jessica Burciaga** is a model and a business owner. She is of Mexican, French, and Irish descent. Burciaga began modeling in 2005 when she submitted a few photos to *Stuff Magazine*. The magazine responded by flying her out to New York for a photo shoot. After Burciaga's first photo shoot, she won *Stuff Magazine's,* "Neighborhood Knockout," contest.  The prize was $5,000, a 4-page spread in the magazine, and an appearance as a ring girl in EA Sports *Fight Night Round* 3 video game. Burciaga's popularity rose quickly and she began appearing in various magazines including *Playboy, Maxim, Import Tuner, Modified Mag, Performance Auto & Sound, Show Latina, Lowrider Magazine*, and many others. Burciaga was the *Playboy* Playmate

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 13

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

of the Month for February 2009 and has appeared as herself in several episodes of the reality TV series *The Girls Next Door*. She has various business ventures, including a women's online clothing boutique, www.SailorandSaint.com. Burciaga's social media reach has surpassed 1.4 million followers on Instagram, over 3.4 million Facebook followers, and over 168.3 thousand followers on Twitter.

61.    That we know of, Burciaga is depicted in the photos in **Exhibit I** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Burciaga was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

62.    Burciaga has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

63.    Plaintiff **Ina Schnitzer (aka Jordan Carver)** is a German glamour model and actress based in the United States.  Carver became a commercial spokeswoman for online German consumer electronics giant Redcoon. She set a record by appearing on the cover of *Britain's Zoo* magazine six times. Carver won the contest for the racing sport seat production company COBRA and became their spokes model, a position she held until recently. She later won second place on the Top 100 Internet Model Newcomer of the Year list after being nominated by Break Media.

64.    That we know of, Carver is depicted in the photos in **Exhibit J** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Carver was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

65.     Carver has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

66.     Plaintiff **Khloe Terae** is a Canadian model, actress and activist. Terae's first serious breakthrough in her career was in October 2012 when she got invited as a special guest to *Playboy Mexico* for their 10-year anniversary, where she got to jump out of the *Playboy* anniversary cake, was the first picture to get published in *Playboy*.   Since then, Terae has been featured in five international *Playboy* magazines and featured as Miss February 2013 in *Playboy Mexico* as well as Miss April 2013 in *Playboy Greece* and *Playboy South Africa* as Miss June 2013. Terae has appeared in a number of lingerie and swimwear catalogues and has shot with famous photographers that include Joel Alvarez, VENGEMEDIA, Mark Fraizer, Pablo Badd, Paul Miller, Drew Santos, Raquel Rischard, and Joel Flora.   Terae works to support a charity for kids with autism that she founded, inspired by her brother who suffers from the disorder.

67.     That we know of, Terae is depicted in the photo in **Exhibit K** to promote Brick House Gents on its Facebook page. This Image was intentionally altered to make it appear that Terae was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

68.     Terae has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

69.     Plaintiff **Laurie Young Romeo** may not be "the girl next door" but she is certainly

the all California, bikini wearing, sun worshipping, beach girl. Young has been a cheerleader since the age of seven and continued through High School to competition and coaching juniors. Young's modeling and acting career has been achieved by natural growth and development from being offered continual work while being on the beach or cheerleading. Young has contract work with Shirley's of Hollywood, is an ambassador and cheerleader for the NHRA drag racing series, shot the cover and is the 2015 *Kandy Magazine* model of the year and has done several TV commercials. Her most famous one being the late-night spokeswoman for Adam and Eve products that has become a bit of a cult favorite.

70.     That we know of, Young is depicted in the photos in **Exhibit L** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that Young was either a stripper working at Brick House Gents, that he endorsed Brick House Gents, or that he was otherwise associated or affiliated with Brick House Gents.

71.     Young has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of his Image, and has suffered, and will continue to suffer, damages as a result of same.

72.     Plaintiff **Lina Posada** is a fashion model and designer. A native of Colombia, Posada is best known as a model for the Besame and Espiral lingerie collections. Posada has also modeled for Paradizia Swimwear, Babalu Swimwear, Irgus Swimwear, Ujeans, as well as many others. She currently has 100 thousand Instagram followers, 3.92 thousand YouTube subscribers, over 17 thousand Facebook followers, and over 5.3 thousand Twitter followers.

73.     That we know of, Posada is depicted in the photo in **Exhibit M** to promote Brick House Gents on its Facebook page. This Image was intentionally altered to make it appear that

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 16

Posada was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

74.     Plaintiff **Lucy Pinder** is, and at all times relevant to this action was, an English model, actress, host, businesswoman, and one of Great Britain's most famous glamour models. Pinder has featured in publications such as *FHM, Nuts, Loaded, The Daily Star,* and hundreds of others. Pinder has appeared on *FHM's* list of the "100 Sexiest Women in the World" in 2005, 2006, and 2007. She was a guest columnist in *Nuts*, entitled "The Truth About Women" and appeared on the final edition of the *Nuts* magazine cover. Pinder has collaborated with major brands such as Unilever (Lynx) and Camelot (National Lottery) among others, and on large national and international advertising campaigns. Pinder has established an acting career with many TV appearances and Film credits. She has appeared on shows such as *I'm Famous and Frightened*, *Soccer AM, Weakest Link, Nuts Tv (host) MTV's TMF (presenter), Hotel Babylon,* and *Team and Bo!* in the USA. Pinder was also a contestant on *Celebrity Big Brother*. Pinder starred in films such as *The Seventeenth Kind, Age of Kill,* and *Warrior Savitri*. Pinder works closely with a number of Wildlife charities and is involved in fundraising for Tiger Time, The David Shepherd Wildlife Foundation and International Animal Rescue. Pinder has also worked with *Help for Heroes* appearing in the *Hots Shots* fund raising calendar and supported Male Cancer Awareness Campaign taking part in their MCAC London Strut awareness initiative. She also visited troops in Afghanistan in 2007. Pinder's own annual calendar continues to be one of the bestselling model calendars year after year and enhances Pinder's status as an elite class of Social Media Influencers with a combined total of over 2 million followers on Facebook, Instagram, and Twitter.

75.     That we know of, Pinder is depicted in the photos in **Exhibit N** to promote Brick House Gents on its Facebook page. These Images were intentionally altered to make it appear that

Pinder was either an employee working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

76.    Pinder has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

77.    Plaintiff **Masha Lund a/k/a Malu Lund** is a famous Danish/Russian model, actress, and designer. Lund started modeling when she was a baby in TV commercials for baby food. After finishing business college, she was sponsored in the United States to model. She modeled in major ads for Rockstar Energy Drinks billboards that were displayed in 20 cities throughout the U.S. Lund has graced the covers of FHM, Maxim, Ralph, and People Magazine and been published in *GQ, Mens Health, Esquire, Sports Illustrated* and celebrity spread for *Playboy* magazine and was named one of the "Sexiest Women in the World" by FHM. She  has had roles  in The Pick of Destiny  with Jack Black and Tenacious D, and Epic Movie with Carmen Electra. Lund was featured in music videos for Eminem, Lady Gaga, and many other big names. She also was a spokesmodel for several brands including Dreamgirl Lingerie clothing company for eight years, and was featured on more billboards for 138 Water Company on Sunset Drive in Los Angeles and for Nialaya on Robertson Blvd. in LA. In 2010, she starred in a popular Danish reality TV show about career women from Denmark "living the dream" in Los Angeles, called Danske Hollywood Fruer. Lund has studied fashion, art and interior design as well as working on her own pet clothing line HollywoodPetCouture. Lund is also an interior decorator, blogger, and endorser for several beauty companies.

78.    That we know of, Lund is depicted in the photos in **Exhibit O** to promote Brick

House Gents on its Facebook page. These Images were intentionally altered to make it appear that Lund was either a stripper working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

79.    Lund has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

80.    Plaintiff **Megan Vogt a/k/a Megan Daniels** is an International DJ and model. As a model, Daniels has been featured in ad campaigns with Snoop Dogg, Famous Stars and Straps, Radii Shoes, and Gears of War. Daniels has also graced the covers of many magazines including *American Curves Magazine, Heavy Metal magazine, Ink Junkie Magazine, Outlaw Biker Magazine, Tattoo Magazine, Obscene Magazine, Strobe Magazine, Tattoos for Men, Lowrider Magazine, Rebel Ink Magazine, Street King Magazine, Tattoo Feuerwerk, Maxim's Best of the Web, Muscle Mag, Inked Magazine, Alt Girls Magazine,* and many more. As a DJ, Daniels has toured all over the US and International destinations. Some of the cities she has headlined include Hong Kong, Macau, Istanbul, Mumbai, Saint Martin, Saint Croix, Edmonton, Montreal, Quebec City, Shanghai, Shenzhen, Calgary, Las Vegas, Chicago, Los Angeles, Hollywood, Detroit, San Francisco, San Jose, San Diego, Milwaukee, Myrtle Beach, Salt Lake City, Oklahoma City and dozens more. Daniels has Headlined major Festivals including the Illuminate festival in Mumbai, India and Bump Music Festival in Stockton, CA. Daniels has played at many prestigious venues including Avalon (Hollywood), Vanity (Las Vegas), Blok (Hollywood), Sutra (Newport Beach), Artisan (Las Vegas) and Vertigo (Chicago).

81.    That we know of, Daniels is depicted in the photos in **Exhibit P** to promote Brick

House Gents on its Facebook page. These Images were intentionally altered to make it appear that Daniels was either an employee working at Brick House Gents, that she endorsed Brick House Gents, or that she was otherwise associated or affiliated with Brick House Gents.

82.   Daniels has never been employed at Brick House Gents, has never been hired to endorse Brick House Gents, has never been otherwise associated or affiliated with Brick House Gents, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendant's Business Activities and Misappropriation***

83.   Defendant operates Brick House Gents, where they are engaged in the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele. Defendant has the ability to control its own use of their website and social media accounts to advertise and promote Brick House Gents.  Defendant is ultimately responsible for the advertising content posted by or on behalf of the club through its officers, managers, employees, agents, or independent contractors.

84.   In furtherance of their promotion of Brick House Gents, Defendant owned, operated, and controlled their social media accounts, including its Facebook, Twitter, and Instagram accounts.

85.   Defendant used Brick House Gent's Facebook account to promote Brick House Gents, and to attract patrons.

86.   Defendant did this for its own commercial and financial benefit.

87.   Defendant has used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that each Plaintiff either worked at Brick House Gents, endorsed Brick House Gents, or

was otherwise associated or affiliated with Brick House Gents.

88.    Defendant used Plaintiffs' Images and created the false impression with the public that Plaintiffs worked at or endorsed Brick House Gents to receive certain benefits from that false impression, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; and an increase in business revenue, profits, proceeds, and income.

89.    Defendant was well aware that none of the Plaintiffs have ever been affiliated with or employed by Brick House Gents, and at no point have any of the Plaintiffs ever endorsed Brick House Gents, or otherwise been affiliated or associated with Brick House Gents.

90.    All of Defendant's activities, including their misappropriation and/or republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

91.    Defendant has never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

92.    Plaintiffs have never received any benefit from Defendant's unauthorized use of their Images.

***Standard Business Practices in the Modeling Industry***

93.    It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

94.    The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters), known

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 21

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

in the modeling industry as "usage"; and, d) the length of time the rights to use the photos will be assigned, known in the modeling industry at the "term."

95.     Most licenses to use a model's image are for one, two, or three year terms; but almost never is there a "lifetime" term.

***Defendant's Misappropriation of Plaintiffs' Images***

96.     By using Plaintiffs' Images, Defendant, *inter alia*, violated Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Brick House Gents.

97.     Defendant used each Plaintiffs' image to derive commercial benefit from some of the same qualities of Plaintiffs, including each Plaintiff's physical look, attractiveness, distinctive appearance, and advertising idea of using same to bring attention to a third-party product or service, that Plaintiffs trade on to earn income for themselves.

98.     Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

99.     In addition, Plaintiffs allege that any improper unauthorized use of their Images at issue in this case has injured their respective careers, character and reputations, because of the negative connotations of false impression of association with Brick House Gents.

100.    At no point was any Plaintiff ever contacted by any Defendant, or any representative of any Defendant, to request the use of any of Plaintiffs' Images.

101.    No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

102.    No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including Brick House Gent's website, or Facebook account.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 22

103.    Defendant used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

104.    Defendant's use of Plaintiffs' Images in some cases was also in violation of copyrights and/or licenses held by others, who had lawful relationships with Plaintiffs based on the standard business practices in the modeling industry.

105.    Defendant's breaches of copyrights and/or licenses held by others likewise had the purpose and effect of injuring Plaintiffs in the ways complained of herein, as Plaintiffs were foreseeable victims of harm from Defendant's breaches.

**FIRST CAUSE OF ACTION**
**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising)**

106.    Plaintiffs hereby re-allege paragraphs 1 through 105 above and incorporate the same by reference as though fully set forth herein.

107.    The advertisements at issue in this action were false and misleading under 15 U.S.C. § 1125(a)(1)(B) because no Plaintiff ever worked at or was in any way associated or affiliated with the strip club, nor had they agreed to appear in Brick House Gent's advertisements.

108.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

109.    Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

110.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

111.    Each Plaintiff possesses a valid and protectable interest in their persona, image,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 23

likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

112.    Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

113.    Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

114.    Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

115.    Given the false and misleading nature of the advertisements, Defendant had the capacity to and did deceive consumers.

116.    Upon information and belief, the deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Brick House Gents.

117.    Defendant's publication of these false and misleading advertisements on the internet had the capacity to and did affect interstate commerce.

118.    Even though Defendant was at all times aware that the Plaintiffs neither worked at nor endorsed Brick House Gents, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiff's employment at or affiliation with Brick House Gents.

119.    Defendant knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Brick House Gents.

120.    Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Brick House Gents, and the goods and services provided by Brick House Gents.

121.    Defendant's unauthorized use of Plaintiffs' Images created a false advertisement

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SECOND CAUSE OF ACTION
### (Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association)

122.    Plaintiffs hereby re-allege paragraphs 1 through 121 above and incorporate the same by reference as though fully set forth herein.

123.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

124.    Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

125.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

126.    Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1)(A).

127.    Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

128.    Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

129.    Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

130.    Defendant's use of Plaintiffs Images created the false impression with the public that Plaintiffs were affiliated, connected, or associated with Brick House Gents, or worked at,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 25

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

sponsored, or approved of Brick House Gent's goods, services, or commercial activities.

131.    This was done to promote and attract clientele to Brick House Gents, and thereby generate revenue for the Defendant, and for Defendant's commercial benefit.

132.    Even though Defendant was at all times aware that the Plaintiffs were neither affiliated, connected or associated with Brick House Gents, nor worked at, sponsored, or approved of Brick House Gent's goods, services or commercial activities, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiffs' employment at or affiliation with Brick House Gents.

133.    Defendant knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association, or employment at Brick House Gents.

134.    Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' employment at or endorsement of Brick House Gents and the goods and services provided by Brick House Gents.

135.    Defendant's unauthorized use of Plaintiffs' Images created a false endorsement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### THIRD CAUSE OF ACTION
### (Violation of Oregon's Unlawful Trade Practices Act, O.R.S. § 646.638)

136.    Plaintiffs hereby re-allege paragraphs 1 through 135 above and incorporate the same by reference as though fully set forth herein.

137.    Defendant operated Brick House Gent's social media accounts in order to promote Brick House Gents, to attract clientele thereto, and to thereby generate revenue for Defendant.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 26

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

138.    As such, Defendant's operation of the social media accounts, and their publication of Images thereon, were in commerce, in that they involved a business activity and the day-to-day activities and affairs of Defendant in Oregon.

139.    Defendant published Plaintiffs' Images on Brick House Gent's social media accounts to create the false impression that Plaintiffs were either employees working at Brick House Gents, endorsed Brick House Gents, or were otherwise affiliated, associated, or connected with Brick House Gents.

140.    In doing so, Defendant's engaged in an unlawful practice if in the course of the their business, vocation or occupation by, *inter alia*, (a) passing off Plaintiffs' good or services as their own, (b) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants goods or services (c) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have; and (d) representing that goods or services are of a particular standard, quality, or grade, or that goods or services are of a particular style or model, if the goods or services are of another.

141.    As such, by publishing Plaintiffs' Images, Defendant mislead the public as to Plaintiffs' employment at and/or affiliation with Brick House Gents and/or Defendant's nature of services offered at their establishment, i.e. making the public at large believe that Plaintiffs would be present at Defendant's establishment and or participate in Defendant's adult-oriented activities, including, but not limited to: partner swapping and associated sexual activities, including intercourse with other members of the Brick House Gents.

142.    Defendant's false advertising, misrepresentations, and breaches of their duties to

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Plaintiffs and the public were unfair, in that they were immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers in Oregon.

143.    Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public were deceptive, in that they possessed the tendency or capacity to mislead, or created the likelihood of deception, affecting members of the public in Oregon and thereby causing injury to Plaintiffs.

144.    Upon information and belief, members of the public relied upon and were in fact deceived by Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public.

145.    Defendant thus engaged in unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce in the state of Oregon and caused injury to the Plaintiffs as complained of herein.

146.    Defendant's advertising practices offend the public policy of Oregon insofar as they constitute misappropriation of Plaintiffs' property rights in their own Images, breaches of copyrights and/or licenses held by others, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

147.    Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with and/or are strippers employed at Brick House Gents.

148.    Defendant's advertising practices cause substantial injury to consumers and the Plaintiffs by creating the false impression that Plaintiffs are strippers at, endorse, or are otherwise affiliated with Brick House Gents.

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

149.    There are no benefits to Defendant's advertising practices as set forth hereon except a benefit to Defendant's own commercial interests.

150.    As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on its website and social media accounts, each of the Plaintiffs' reputations was injured, and each of the Plaintiffs' ability to market herself as a model was injured.

151.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
### (Violation of Right of Publicity & Privacy - Misappropriation of Image and Likeness)

152.    Plaintiffs hereby re-allege paragraphs 1 through 151 above and incorporate the same by reference as though fully set forth herein.

153.    Defendant has appropriated each Plaintiffs' image and likeness for Defendant's commercial purposes without authority or consent from each of Plaintiffs.

154.    Each Plaintiff is a well-known professional model and/or social media influencer who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

155.    Defendant misappropriated Plaintiffs' likenesses by publishing their Images on Brick House Gent's social media accounts as part of Defendant's advertising campaign.

156.    Each of the Plaintiffs' Images was misappropriated, and/or altered by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

157.    Brick House Gent's social media accounts were designed to advertise and attract

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 29

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

business to Brick House Gents and generate revenue for Defendant.

158.   Plaintiffs are informed and believe and hereon allege that the manner in which Defendant posted and publicized their Image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendant published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

159.   Plaintiffs are further informed and believe and hereon allege that Defendant's republished Plaintiff's Image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint and further allege that Defendant's republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

160.   Upon information and belief, Defendant's use of Plaintiffs' Images did in fact attract clientele and generate business for Brick House Gents.

161.   At no point did Defendant ever seek or receive permission or consent to use any Plaintiff's Image for any purpose.

162.   Defendant was at all relevant times aware that it had never received any Plaintiffs' permission or consent to use their Images in any medium for any purpose.

163.   At no point did Defendant ever compensate Plaintiffs for its unauthorized use of their Images.

164.   Defendant's misappropriation of Plaintiffs' Images was a proximate cause of the harm done to Plaintiffs from Defendant's unauthorized use of their Images.

165.   Plaintiffs have been damaged in amounts to be proved at trial.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 30

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

## FIFTH CAUSE OF ACTION
### (Defamation of Character)

166.    Plaintiffs hereby re-allege paragraphs 1 through 165 above and incorporate the same by reference as though fully set forth herein.

167.    As detailed throughout this Complaint, Defendant has published photographs containing the image and likeness of Plaintiffs in order to promote Brick House Gents to the general public and potential clientele.

168.    Defendant's publication of the Images was in a manner that made it appear as if though Plaintiffs were either strippers employed by Brick House Gents, endorsed Brick House Gents, or supported the activities that take place at the Brick House Gents.  In doing so, Defendant subjected Plaintiffs to contempt or ridicule and/or diminished the esteem, respect, goodwill or confidence in which Plaintiffs are held or excited adverse, derogatory or unpleasant feelings or opinions against Plaintiffs.

169.    In publishing Plaintiffs' altered Images, Defendant created false impression to the general public that Plaintiffs were strippers working at Brick House Gents, endorsed Brick House Gents, and or supported the stripper activities and stripper lifestyle that Brick House Gents condones and promotes at their establishment. None of these representations were true and Defendant's use of Plaintiffs' Images are defamatory because they falsely ascribe to another conduct, characteristics or a condition incompatible with the proper conduct of their lawful business, trade, or profession.

170.    Plaintiffs allege that Defendant published the Images of Plaintiffs with actual malice, and their acts were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs, because the Defendant knew that Plaintiffs were not employed by Brick House Gents,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 31

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

had no affiliation with Brick House Gents, and/or had not consented to the use of their Images, and had not been compensated for the use of the same.

171.     Despite Defendant's knowledge and reckless disregard of the true facts, they nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for themselves.

172.     Defendant's publication of Plaintiffs' Images constitutes defamation per se under Oregon law because said publication falsely accuses Plaintiff of having acted in a manner – *i.e.*, working as a stripper  and/or endorsing activities that take place at the Brick House Gents - which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

173.     Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because said publication would tend to impeach and injure each Plaintiff in her trade, business, and profession as a professional model.

174.     Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because, insofar as said publication falsely portrays each of the Plaintiffs as a stripper, it imputes unchastity to them.

175.     Defendant's publication of Plaintiffs' Images caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

///

///

///

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 32

## SIXTH CAUSE OF ACTION
### (Negligence, Gross Negligence, and *Respondeat Superior*)

176.    Plaintiffs hereby re-allege paragraphs 1 through 175 above and incorporate the same by reference as though fully set forth herein.

177.    Plaintiffs are further informed and believe and hereon allege that Defendant maintains or should have maintained employee policies and procedures which govern the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, copyrights, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

178.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

179.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

180.    Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

181.    Defendant breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

182.    Defendant further failed to enforce or implement the above-stated policies and/or

to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Oregon law, were not violated.  Defendant breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

183.    Defendant's breaches were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs.

184.    Defendant's breaches were the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

185.    As a result of Defendant's negligence and gross negligence, Plaintiffs have suffered damages and are entitled to recover compensatory and punitive damages from the Defendant in an amount to be determined at trial.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

Plaintiffs respectfully request Judgment in their favor and against Defendant as follows:

(a) For the Defendant to be adjudged liable to Plaintiffs upon Plaintiffs' first through sixth causes of action;

(b) For an award of actual damages to be paid by Defendant to Plaintiffs, in an amount to be determined at trial but currently estimated not to exceed $3,170,000.00, relating to Plaintiffs' first through sixth causes of action;

(c) For an order ***permanently enjoining*** Defendant from using Plaintiffs' Images for any purpose;

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 34

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

(d) For punitive damages and treble damages under the Lanham Act, 15 U.S.C. § 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605;

(e) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605; and

(f) For such other and further relief as the Court may deem just and proper.

DATED this 19th day of September 2023.

Respectfully submitted,

KB Law, LLC

By: *s/ Kenji Kozuma*
Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com
4011 NE Hancock Street
Portland, Oregon 97212
O: (503) 206-8122
D: (503) 449-4132
F: (503) 477-9132
Of Attorneys for Plaintiffs

Joseph N. Casas (*pro hac vice* application to
    be filed)
joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457
F: 855-220-9626
Of Attorneys for Plaintiffs

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 35